IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CR 111-275 |
| | * | |
| TIQUELA N. MURRAY | * | |
| | * | |

**O R D E R**

Presently pending before the Court is the Government's Motion to Dismiss the Petition of David M. Hayden. (Doc. 62.) Based upon the following, this motion is **GRANTED**.

## I. BACKGROUND

On July 13, 2011, a federal grand jury sitting in the Southern District of Georgia returned a four count indictment against Defendant Tiquela N. Murray ("Defendant"). (Doc. 1.) The indictment included a forfeiture allegation, pursuant to 18 U.S.C. §§ 982 & 1029, seeking forfeiture of a number of items including approximately $24,500.00 seized on April 19, 2011; an Acer Aspire laptop computer; a Compaq Presario desktop computer; a Compaq Presario laptop computer; and a magnetic stripe card reader/writer. (Id.)

On June 18, 2013, Defendant pled guilty to a conspiracy charge. (See Doc. 29.) She also agreed to the entry of an order of forfeiture of the assets listed in the indictment, as well as a Samsung LED television. (Id.) On June 19, 2013, the Government filed a motion requesting the Court approve the consent order of

forfeiture. (Doc. 30.) That same day, the Court granted the consent order, forfeiting Defendant's right, title, and interest in the subject property. (Doc. 31.) The consent order directed the Government to publish a notice of its intent to dispose of the forfeited property and to notify any person, other than Defendant, having or claiming a legal interest in any of the forfeited property to file a petition with the Court asserting such a claim. (Id.)

On September 6, 2013, a Notice of Forfeiture was served by certified mail to potential claimant David M. Hayden ("Hayden"). (Doc. 32.) On September 30, 2013, Hayden filed a claim for $9,800.00, asserting that the property claimed came from the payout on a life insurance policy. (Doc. 33.) On March 6, 2014, this Court granted the Government's request for leave to conduct discovery as to Hayden's interest. (Doc. 55.) The next day, the Government sent discovery requests to Hayden, with service accepted on March 11, 2014. (Doc. 58, at 1.) However, the Government avers that Hayden failed to respond to the discovery requests. The Government then filed with this Court a motion to extend the time to complete discovery, which was granted on May 16, 2014. (Doc. 59.) Hayden has failed to respond to those additional requests as well.

Thereafter, on October 15, 2014, the Government filed a Motion to Dismiss Hayden's petition. Because Hayden has failed to respond to the motion,[1] it is therefore deemed unopposed. LR 7.5, SDGa.

---

[1] Hayden's response was due November 3, 2014.

2

("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.").

## II. **DISCUSSION**

"Ancillary forfeiture proceedings that arise out of criminal cases are civil in nature and are thus governed by the Federal Rules of Civil Procedure. Accordingly, the parties may move to dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." United States v. Negron-Torres, 876 F. Supp. 2d 1301, 1304 (M.D. Fla. 2012) (internal citations omitted). When the motion to dismiss the ancillary petition comes prior to a hearing, courts should treat the motion with the same standards as a civil motion to dismiss under Federal Rule of Civil Procedure 12(b). Id. Here, the Government alleges that Hayden (1) did not comply with the requirements of 21 U.S.C. § 853(n)(3); (2) fails to state a sufficient claim; and (3) did not respond to discovery requests.

Forfeiture proceedings under 18 U.S.C. § 982 are governed by the provisions of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 853. 18 U.S.C. § 982(b)(1). Section 853(n) requires a third party asserting an interest in property to "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3).

3

Hayden merely asserts that he claims $9,800.00 as a death payout from his spouse's life insurance policy and provides the Court with thirteen statements from a Primerica Estate Account, as well as a letter from Primerica informing Hayden that an estate account was opened in his name. (Doc. 33, Ex. A.) At no point does Hayden provide any indication of where the money was located relative to the rest of the money seized or how he calculated the $9,800.00 number. This is plainly insufficient under the statute, even taking into account Hayden's *pro se* status. Accordingly, the Court holds that Hayden's petition fails to meet the standards imposed by Section 853(n).

Beyond the petition's deficiencies, Hayden has impeded the Government's attempt to investigate his claims and this too warrants dismissal. Federal Rule of Civil Procedure 37(b)(2) authorizes courts to impose sanctions, including dismissal, where "a party . . . fails to obey an order to provide or permit discovery . . . ." Here, Hayden has twice failed to respond to discovery requests, which severely hinders the Government's ability to address his claim on the merits. Taking into account the lack of specificity in Hayden's petition regarding the nature of his interest and ownership, the Court finds Hayden's failure to cooperate in discovery inexcusable. "Because the failure [has blocked] the United States' ability to litigate the merits of [Hayden's] [c]laim, a less severe sanction would not be effective." See United States v. BCCI Holdings (Luxembourg), S.A., 169 F.R.D. 220, 223 (D.D.C. 1996).

## III. CONCLUSION

Based on the foregoing, the Government's Motion to Dismiss the petition of David M. Hayden (doc. 62) is **GRANTED** and the Clerk is **DIRECTED** to terminate David M. Hayden's Petition (doc. 33).

**ORDER ENTERED** at Augusta, Georgia, this 29th day of January, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA